**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

MACAULAY WILLIAMS,

        *Plaintiff*,

        v.

HOWARD LUTNICK,

        *Defendant*.

Civil Action No. 24-1492 (SLS)

Judge Sparkle L. Sooknanan

**MEMORANDUM OPINION**

Macaulay Williams is a former federal employee who was suspended and eventually fired from his position at the U.S. Patent and Trademark Office (USPTO). He brought this lawsuit alleging unlawful discrimination and retaliation. The Defendant, the Secretary of Commerce,[1] has moved to dismiss the case under Federal Rules of Civil Procedure 12(b)(1), 12(b)(3), and 12(b)(6). In the alternative, the Defendant requests that the Court transfer the case to the United States District Court for the Eastern District of Virginia, where USPTO's principal office is located. For the reasons below, the Court transfers this case to the Eastern District of Virginia.

**BACKGROUND**

The Court draws the facts, accepted as true, from the Plaintiff's Complaint and attachments. *Wright v. Eugene & Agnes E. Meyer Found.*, 68 F.4th 612, 619 (D.C. Cir. 2023).

Mr. Williams, an African American male and former employee of the USPTO, Compl. ¶ 6, ECF No. 1, challenges his removal from federal service, *see id.* ¶¶ 4–5. He alleges that he was a

---

[1] Although the Plaintiff named former Secretary of Commerce Gina Raimondo as the Defendant in the Complaint, current Secretary of Commerce Howard Lutnick is "automatically substituted as a party" in his place pursuant to Federal Rule of Civil Procedure 25(d).

victim of race discrimination, color discrimination, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16. *See* Compl. ¶¶ 71–86. He also alleges a violation of the Family and Medical Leave Act (FMLA), *see id.* ¶¶ 87–92, and his constitutional due process rights, *see id.* ¶¶ 67–70. And he claims that the "Defendant has not proven its one charge of excessive approved absences." *Id.* ¶¶ 57–66.

On December 6, 2024, the Defendant moved to dismiss this case under Federal Rules of Civil Procedure 12(b)(1), 12(b)(3), and 12(b)(6). *See* Mot. Dismiss at 3–7, ECF No. 15. In the alternative, the Defendant requested that the Court transfer this case to the United States District Court for the Eastern District of Virginia. *See id.* at 5. The Plaintiff filed his Opposition on December 13, 2024, *see* Pl.'s Opp'n, ECF No. 17, and the Defendant replied on January 3, 2025, *see* Def.'s Reply, ECF No. 20. The Defendant's motion is fully briefed.

**LEGAL STANDARD**

Under Rule 12(b)(3), a court may dismiss a case for improper venue. *See* Fed. R. Civ. P. 12(b)(3). "[T]he plaintiff usually bears the burden of establishing that venue is proper." *Varma v. Gutierrez*, 421 F. Supp. 2d 110, 113 (D.D.C. 2006) (internal quotations omitted). "In considering a Rule 12(b)(3) motion, the court accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor." *Darby v. U.S. Dep't of Energy*, 231 F. Supp. 2d 274, 276 (D.D.C. 2002). For a pro se plaintiff, the court holds the factual allegations contained in the complaint "to less stringent standards than formal pleadings drafted by lawyers." *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 n.2 (D.C. Cir. 2000) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (quotation marks omitted)). When venue is improper, the district court may dismiss the case or "if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The decision whether to dismiss or

transfer is committed to the "sound discretion of the district court." *Davis v. Am. Soc'y of Civ. Eng'rs*, 290 F. Supp. 2d 116, 120 (D.D.C. 2003) (citation omitted).

## DISCUSSION

### A.    Title VII Claims

Venue in a Title VII case is not determined under the general venue statute. *See* 28 U.S.C. § 1391; *see, e.g.*, *Taylor v. Shinseki*, 13 F. Supp. 3d 81, 86 (D.D.C. 2014). Rather, Title VII's special venue provision governs. *See Daniels v. Wilkie*, No. 17-cv-1543, 2018 WL 2324085, at *3 (D.D.C. May 22, 2018). Under that provision, venue is proper

> [1] in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, [4] but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3). "Venue is proper if at least one of the section 2000e-5(f)(3) prongs is satisfied." *Alessa v. Harker*, No. 20-cv-1320, 2021 WL 5911180, at *3 (D.D.C. Mar. 31, 2021) (citations omitted).

The Complaint in this case alleges no facts establishing the District of Columbia as the proper venue under Section 2000e-5(f)(3). None of the relevant events occurred in the District of Columbia; the relevant record does not appear to be maintained in the District of Columbia; and there is no evidence that Mr. Williams would have worked in the District of Columbia but for the Defendant's alleged unlawful employment practices. *See* 42 U.S.C. § 2000e-5(f)(3).

Mr. Williams argues only that venue is proper in the District of Columbia because the sole named Defendant, the Secretary of Commerce, has his principal office in the District. *See* Pl.'s Opp'n at 5. In his view, venue in the District is proper under the fourth prong of 42 U.S.C. § 2000e–5(f)(3). But the Complaint principally charges USPTO, not the U.S. Department of

3

Commerce, with violations of Mr. Williams' employment rights under Title VII.[2] *See* Compl. ¶¶ 1–56; *see also* Compl. ¶ 6 (Mr. Williams was employed as a "Patent Examiner with the U.S. Patent and Trademark Office."). And, by statute, the USPTO exercises "independent control" over "personnel decisions and processes" as well as other administrative responsibilities. 35 U.S.C. § 1(a). The Defendant points out, and Mr. Williams does not dispute, that USPTO's principal office is in Alexandria, Virginia, *see* Def.'s Mot. at 5; *see also* 35 U.S.C. § 1(b) (stating USPTO "shall be deemed, for purposes of venue in civil actions, to be a resident of the district in which its principal office is located"); *Varma*, 421 F. Supp. 2d at 114 (USPTO's principal location is the Eastern District of Virginia), and that the Plaintiff's duty station "during all times relevant to the allegations of his Complaint" was Alexandria, Virginia, Def.'s Mot. at 8. The Eastern District of Virginia is therefore the proper venue to adjudicate the Title VII claims in this case. *See, e.g.*, *Varma*, 421 F. Supp. 2d at 113–15 (finding the Eastern District of Virginia is the proper venue for Title VII claim against USPTO because it is its "principal place of business"); *Gordon v. Gutierrez*, No. 05-cv-1926, 2006 WL 1876944, at *1–3 (D.D.C. July 6, 2006) (same); *Akers v. Gutierrez*, No. 07-cv-266, 2007 WL 1541500, at *1–2 (D.D.C. May 23, 2007) (same).

### B.    FMLA and Constitutional Claims

The general venue provision, 28 U.S.C. § 1391, applies to the FMLA and constitutional claims. *See, e.g.*, *Devaughn v. Inphonic, Inc.*, 403 F. Supp. 2d 68, 70–71 (D.D.C. 2005) (28 U.S.C. § 1391(b) is the proper venue provision for an FMLA claim); *Davis v. Wilkie*, No. 17-cv-1543,

---

[2] Under Title VII "the head of the department, agency, or unit, as appropriate" is the proper defendant. 42 U.S.C. § 2000e-16(c). So Mr. Williams should have sued the Director of USPTO. *See Varma v. Gutierrez,* 421 F. Supp. 2d 110, 113 (D.D.C.2006) (granting the Secretary of Commerce's motion to substitute the USPTO's Director as the named defendant in a Title VII case). But his failure to name the proper defendant is curable. Thus, dismissal on this ground is not warranted, especially given the Plaintiff's pro se status. *See e.g.*, *Gordon v. Gutierrez*, No. 05-cv-1926, 2006 WL 1876944, at *1 n.3 (D.D.C. July 6, 2006) (finding the same).

4

2018 WL 2324085, at *5 (D.D.C. May 22, 2018) (the general venue provision governs constitutional claims). Under this provision, venue is proper "in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, . . . or (3) the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e).

Venue is not proper in the District of Columbia under this provision either. USPTO is a resident of the Eastern District of Virginia because its principal office is in Alexandria, Virginia, *see supra*, at 4; *see also In re Munson*, No. 03–5034, 2003 WL 21396874, at *1 (D.C. Cir. June 12, 2003) (applying § 1391(e) to hold that "[b]ecause the [USPTO's] principal office is located in the Eastern District of Virginia, the [USPTO's] residence is deemed to be in the Eastern District of Virginia"); no part of the events set forth in the Complaint occurred in the District of Columbia; and Mr. Williams does not allege that he resides in the District of Columbia. The Eastern District of Virginia is thus the proper forum for the FMLA and constitutional claims.

### C.    Transfer

Having concluded that venue in the District of Columbia is improper, the Court must either dismiss or transfer the case. *See* 28 U.S.C. § 1406(a). Dismissal of a pro se plaintiff's case in this context is disfavored, *see James v. Verizon Servs. Corp.*, 639 F. Supp. 2d 9, 15 (D.D.C. 2009) (noting that "[c]ourts generally favor transfer over dismissal," and that "[t]his is especially true" for pro se plaintiffs), and the Court declines to do. Dismissing the action and directing the pro se Plaintiff to refile his Complaint in the Eastern District of Virginia would be unnecessarily duplicative and expensive.

A case may be transferred to any district where venue is proper "[f]or the convenience of parties and witnesses, in the interest of justice[.]" 28 U.S.C. § 1404(a). Section 1404(a) "place[s]

discretion in the district courts to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 23 (1988) (cleaned up). Although neither party discusses convenience and fairness, the Court concludes that transfer serves both purposes. USPTO's principal office is in the Eastern District of Virginia, and the Plaintiff provides a residence address in New Jersey. *See* Compl. Thus, litigating this case in the Eastern District of Virginia does not appear to be any more burdensome than proceeding in the District of Columbia. Transfer also provides Mr. Williams the opportunity to pursue his claims in a forum where, presumably, the relevant employment records and witnesses would be found. And transfer "would not prejudice the [Defendant's] position on merits." *Sinclair v. Kleindienst*, 711 F.2d 291, 293 (D.C. Cir. 1983). Because the interests of justice overwhelmingly favor transfer to the Eastern District of Virginia, the Court transfers the case to that District. *See, e.g.*, *Hoffman v. Fairfax Cnty. Redev. & Hous. Auth.*, 276 F. Supp. 2d 14, 19 (D.D.C. 2003) ("Generally, the interests of justice require transferring such cases to the appropriate judicial district rather than dismissing them.").[3]

---

[3] The Plaintiff also brings a claim alleging that the "Defendant has not proven its one charge of excessive approved absences." Compl. ¶¶ 57–66. It is not clear that this is an actionable claim. But assuming it is, and assuming it could have been brought in this District, transfer is still appropriate. *See, e.g.*, *Johnson v. Deloitte Services, LLP*, 939 F. Supp. 2d 1, 6 (D.D.C. 2013) ("[E]ven when only some of the claims in the complaint arise under Title VII, courts regularly transfer the entire case if they find venue for the Title VII claims to be improper." (collecting cases)).

6

## CONCLUSION

For these reasons, the Court transfers the case to the United States District Court for the Eastern District of Virginia.

A separate order will issue.

_____

SPARKLE L. SOOKNANAN
United States District Judge

Date:   May 5, 2025